ELIZABETH FLANNIGAN as Administratrix of KITTY GERNON, Deceased, Respondent, *v.* THE PRUDENTIAL INSURANCE Co. OF AMERICA, Appellant.

(County Court, Albany County, June, 1897.)

Life insurance — False representations — Estoppel.

Where the insured falsely states, in her application for insurance, that her life is not insured in the company of the insurer, and this misstatement is subsequently brought to the attention of the insurer, and both policies are delivered to it for the purpose of having indorsed upon the second policy the fact of the existence of the first, and the insurer retains both policies in its possession for some time and continues to receive the payment of premiums upon the second policy until the insured dies, the insurer is estopped, by its receipt of premiums after full knowledge of the alleged misstatement, from subsequently resisting the payment of a death claim arising under the second policy, upon the ground of such misstatement.

APPEAL from a judgment of the City Court of Albany, in favor of plaintiff.

Spalding & Daring, for appellant.

Eugene Flannigan, for respondent.

GREGORY, J. This is an appeal from a judgment of the City Court of Albany, for $42.45, damages and costs.

The action was brought by the plaintiff to recover on a policy of life insurance issued by the defendant upon the life of Catherine E. Gernon, on the 15th day of April, 1895.

In the application made by Kitty Gernon upon which the policy was issued, in answer to question No. 12: "Is life proposed now insured in this company, if so, state numbers and amounts of policies?" The answer given was "No."

There is no question but what, at the time that this answer was made, there was in fact a policy then in force upon the life of the applicant issued by the defendant, and which former policy was issued on or about the 20th day of February, 1888.

Under the provisions of the application and the policy issued thereupon, the answers contained in the application became and formed the basis of the contract of insurance between the insured and the insurance company, and it was understood and agreed that the policy which was issued thereunder should be accepted subject to the conditions and agreements contained in the policy.

It will be seen, therefore, that the applicant had stated an untruth in her application, and the warranty which she made forming the basis of the contract of insurance was not true in fact, inasmuch as another policy of insurance then existed upon her life in the defendant company. Notwithstanding, the company did issue the policy in suit, and it was duly delivered.

In or about the latter part of September, or first part of October, 1895, the attention of the defendant company was called to the fact that another policy issued by it did exist, and was in existence at the time the second policy was issued, and both policies were delivered to the defendant, or its agents, for the purpose of having indorsed upon the second policy the fact of the existence of the first policy.

The defendant retained in its possession these policies for some period of time, and continued from the time the policies were de-

livered to it up to the time of the death of the said Kitty Gernon, to collect, receive and retain the premiums which became due upon each policy; in fact it is admitted that all premiums were paid up to the death of the insured.

The defendant, however, insists that inasmuch as there was a breach of warranty on the part of Kitty Gernon, contained in the application upon which the policy in suit was issued, the policy is void and the plaintiff cannot recover.

It may be true that this would be so, provided the premiums, which accrued subsequent to the time when the defendant's attention was called to the fact that another policy did exist, had not been collected or retained. But the defendant cannot accept and retain the benefits which may accrue to it under a contract of this character, after full knowledge of all the facts as they exist, and still repudiate the contract on its part.

As was said in a recent case, " This assessment or premium was paid by the beneficiary pursuant to a demand by the defendant after proofs of death had been received, after the defendant knew of the statement of age made to the Industrial Benefit Association, and after the defendant knew that she had untruly stated that she was not insured in any other corporation or association, and the acceptance of this sum was a waiver of all defenses then known to exist." Magner v. Mutual Life Association, 17 App. Div. 13, 15.

This authority is directly in point, and disposes effectually of the defendant's defense in this action.

The judgment appealed from is affirmed with costs to the respondent.

Judgment affirmed, with costs, to respondent.